**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

JULIO CESAR LOPEZ MENDOZA,

Petitioner,

v. No. 1:26-cv-01595-MLG-JHR

MELISSA ORTIZ, in her official capacity as Acting Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of United States Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Julio Cesar Lopez Mendoza's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. The Court, having considered the Petition, having held a hearing on September 18, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on the record during the September 18, 2026, hearing, and incorporating the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608476 (D.N.M. Mar.

4, 2026), and *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025), the Court grants the Petition and orders immediate release.[1]

Lopez Mendoza shall be released within forty-eight hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in January 2026 along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").